OPINIONS OF THE SUPREME COURT OF OHIO
The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
      Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
      NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.


Office of Disciplinary Counsel v. Boykin.
[Cite as Disciplinary Counsel v. Boykin (1994),      Ohio
St.3d      .]
Attorneys at law -- Misconduct -- Eighteen-month suspension
      stayed with conditions -- Disciplinary Rule violations --
      Engaging in conduct prejudicial to the administration of
      justice -- Engaging in conduct that adversely reflects on
      fitness to practice law -- Incompetence -- Handling a
      legal matter without adequate preparation -- Neglect of an
      entrusted legal matter -- Failure to carry out contract of
      employment -- References to unreasonable or unsupportable
      matters to tribunal -- Failure to cooperate with
      investigation of misconduct.
      (No. 92-1328 -- Submitted June 15, 1994 -- Decided --
August 24, 1994.)
      On Certified Report by the Board of Commissioners on
Grievances and Discipline of the Supreme Court, No. 92-04.
      By amended complaint filed on April 20, 1993, relator,
Office of Disciplinary Counsel, charged respondent, Leroy
Reuben Boykin, of Columbus, Ohio, Attorney Registration No.
0031378, with misconduct involving, inter alia, violations of
DR 1-102(A)(1) (Disciplinary Rule violation), 1-102(A)(5)
(conduct prejudicial to the administration of justice),
1-102(A)(6) (conduct that adversely reflects on fitness to
practice law), 6-101(A)(1) (incompetence), 1-101(A)(2)
(inadequate preparation), 6-101(A)(3) (neglect), 7-101(A)(2)
(failure to carry out contract with client), and 7-106(C)(1)
(reference to unreasonable or unsupportable matter).  A panel
of the Board of Commissioners on Grievances and Discipline of
the Supreme Court heard the matter on February 23, 1994.[1]
      The complaint alleged five counts of misconduct, the
fourth of which was dismissed at the hearing.  The facts
underlying the remaining counts were stipulated by the
parties.  As to Count I, the stipulations state, in part:
      "* * * Respondent * * * was admitted to the practice [of
law] in the State of Ohio on May 11, 1981.
      "* * * Along with co-counsel, * * * Respondent represented
Shirley Hendricks in a federal civil rights suit against the

City of Columbus.  * * * On October 10, 1989, * * * [the co-counsel] filed his notice of withdrawal * * *, leaving the Respondent as the sole legal representative of Ms. Hendricks.

"* * * On January 30, 1990, respondent appeared  * * * at a status conference.  * * * Respondent told [the] U.S. Magistrate * * * that he was attempting to locate new legal counsel for Ms. Hendricks as Respondent had no federal court experience.

"* * * In May of 1990, the Court issued a Notice of Settlement Conference to be held on June 21, 1990 * * *.  In addition, on May 7, 1990, another Order directed that: 1.) the attorneys of record were required to attend the settlement conference; 2.) at least two (2) weeks prior to the conference, each party had to submit a written settlement demand; and 3.) one (1) week prior to the conference, each party had to provide the mediator with a written response to the other party's settlement request.  Respondent did not attend the scheduled settlement conference and neglected to file the written settlement demand.

"* * * In addition, Respondent neglected to respond to the September 6, 1990 Order, [in which he was ordered to show cause why he and his client failed to appear at the settlement conference and why sanctions should not be imposed.]  [Stip. Ex. 5]

"* * * On October 12, 1990, * * * the Court imposed a sanction against the Respondent and/or his client in the sum of Five Hundred Dollars ($500.00) to be paid to the Court on or before October 27, 1990.  * * * The sanctioned parties were given ten (10) days within which to file any motions for reconsideration.

"* * * Five days after a response was due, on November 1, 1990, Respondent filed a Motion for Reconsideration.  * * * On January 16, 1991, * * * [the magistrate] granted * * * [Columbus's] Motion to Strike Respondent's Motion, based upon the lateness of the filing and the absence of any explanation for the delayed filing.

"* * * On February 7, 1991, the court noted that neither Respondent nor his client had yet paid their monetary sanctions, so they were given ten (10) days to show cause why they should not be held in contempt.  Respondent did not respond.

"* * * [A contempt] hearing was set for June 3, 1991, with notice sent to Respondent on May 1, 1991.  Respondent did not attend the hearing.

"* * * [The magistrate] recommended that Respondent be held in contempt of court and be suspended from the further practice of law in * * * [Hendricks's] case.  Said recommendation was adopted by * * * [an] Order filed on July 17, 1991, * * * [in which the court gave] * * * Hendricks * * * 30 days to locate new counsel * * *  and [threatened to dismiss the case if Hendricks did not] 'respond personally to th[e] order.'

"* * * As of February 8, 1994, Respondent has failed to pay the monetary sanction due no later than October 27, 1990.

"* * * On October 17, 1991, the * * * [magistrate] sent a letter to the Relator, Disciplinary Counsel, outlining the instant case with problems concerning the Respondent."

As to Counts II and III, the stipulations state, in part:

"* * * On April 11, 1991, Steven D. Stewart was charged in a six (6) count Indictment with drug and firearm charges in the U.S. District Court in the Southern District Ohio, Eastern Division * * *. Steven Stewart retained the Respondent as his legal counsel.

"* * * The arraignment * * * was scheduled for April 26, 1991 * * *.

"* * * At the arraignment, Respondent was given a Scheduling Order that included time limits and dates for the submission of pre-trial motions and requests and plea negotiations. Trial was scheduled for * * * June 17, 1991. The Scheduling Order specified that the discovery had to be held by May 17, 1991, that all Motions had to be filed by May 27, 1991, and that all briefs were to be in by June 3, 1991.

"* * * On May 28, 1991, at 4:49 p.m., Respondent filed a Motion to Suppress Evidence, one day after the deadline for filing motions.

"* * * On June 4, 1991, an Opinion and Order of the Court denied Respondent's Motion[,] [stating] '* * * the defendant does not list even one fact in support of any of his allegations. Instead, the defendant has presented the Court with what can best be described as a shopping list of purely legal conclusions without any factual support.'

"* * * On June 11, 1991, Respondent filed a Motion for Continuance because 'counsel for Defendant finds himself behind that schedule because of reasons beyond his control.' He further added that he wanted to pursue several pre-trial motions made by the defendant's previous attorney. There were no prior attorneys in this case. The case was continued until July 8, 1991.

"* * * On June 28, 1991, Respondent filed an Amended Motion to Suppress Evidence due to newly discovered evidence.

"* * * At the suppression hearing on July 5, 1991, Respondent informed the court that he was not prepared to proceed. The Court rescheduled the suppression hearing to * * * July 9, 1991, immediately prior to the start of the trial.

"* * * On the afternoon of the original suppression hearing (July 5, 1991) at 4:36 p.m., Respondent filed a Motion to Compel Discovery. The Court denied this Motion, saying in part:

"'The court will not grant discovery to the defendant on the day before trial where it is clear that defense counsel has been dilatory in preparing for this trial, and that there is no reason why this motion could not have been filed before the discovery deadline.'

"* * * On July 9, 1991, Respondent appeared with his client and made oral arguments as to why his Motion to Suppress should be granted. This motion was denied, and the Defendant immediately entered a plea.

"* * * The Defendant, Steven D. Stewart, was scheduled for a sentencing hearing on October 25, 1991, but the Court learned that the Respondent had not registered as an attorney with the Clerk of the Supreme Court of Ohio for the 1991/1993 biennium. Therefore, the Court continued the sentencing hearing until November 8, 1991.

"* * * On November 7, 1991, a day before sentencing,

Respondent filed a Sentencing Memorandum. Respondent provided no explanation as to why this was not properly filed before the first scheduled sentencing hearing on October 25, 1991. The defendant was sentenced on November 8, 1991."

As to Count V, the stipulations state:

"Upon request by Relator, on February 3, 1993, a subpoena was issued by the Board of Commissioners on Grievances and Discipline for the Respondent to produce specified materials at the Office of the Disciplinary Counsel on March 8th, 1993, at 9:00 a.m. The subpoena was personally served on the Respondent on February 4th.

"* * * Respondent failed to appear for his deposition. He did not contact the Relator. Relator made telephone contact with Respondent at his office approximately two (2) to three (3) hours after his scheduled appearance. Respondent requested a two (2) week extension on the subpoena, which was granted until March 22, 1993 at 9:00 a.m.

"* * * Respondent again failed to appear for his scheduled deposition on March 22nd, nor did he forward the subpoenaed materials. Respondent did not contact Relator. Relator again made attempts to contact Respondent which was done at approximately 11:37 a.m. Respondent stated that he had forgotten that the materials were due on the 22nd, but that he had been involved in a trial a week before. Respondent said he would not provide Relator with the subpoenaed materials as the Office of Disciplinary Counsel was without authority to subpoena them. Respondent would not respond to the subpoena issued by the Board of Commissioners on Grievances and Discipline."

The panel determined from the stipulations regarding Counts I, II and III that respondent had violated DR 1-102(A)(1), (5) and (6); 6-101(A)(1), (2) and (3); and 7-101(A)(2). The panel further found that respondent had violated DR 7-106(C)(1) in connection with Counts II and III. With respect to Count V, the panel found that respondent had not cooperated with the investigation of his misconduct, a violation of Gov.Bar R. V(4)(G). The panel also determined that respondent had caused Hendricks to pay $250 in contempt fines.

Before recommending a sanction, the panel reviewed letters from respondent's colleagues and his deposition. It determined that respondent was ordinarily a competent and zealous representative of low-income clients, but was unaccustomed to practice in federal court, and had attempted to practice "out of his league" in the Hendricks and Stewart cases. The panel recommended that respondent be suspended from the practice of law for a period of eighteen months, but that imposition of this sanction be stayed on the conditions that he (1) participates for eighteen months in a program of monitored probation with Kenneth Murray, or such other experienced counsel acceptable to relator, (2) immediately makes restitution to Hendricks in the amount of $250, with interest from the date she paid her fine, (3) provides proof of compliance with the federal court's contempt citation within thirty days of a final order in this case, and (4) pays the costs of this proceeding within the same thirty-day period. The board adopted the panel's findings and recommendation.

Geoffrey Stern, Disciplinary Counsel, and Sally Ann Steuk, Assistant Disciplinary Counsel, for relator.

Leroy Reuben Boykin, pro se.

Per Curiam.  Having reviewed the record, we concur in the board's findings of misconduct and its recommendation. Therefore, we order that Leroy Reuben Boykin be suspended from the practice of law in Ohio for a period of eighteen months; however, imposition of this sanction is stayed on the conditions established by the panel and adopted by the board. Costs taxed to respondent.

Judgment accordingly.

A.W. Sweeney, Douglas, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.

Moyer, C.J., and Wright, J. dissent and would indefinitely suspend respondent.

FOOTNOTE
1This cause was originally heard in June 1992, with the panel recommending respondent's indefinite suspension on relator's motion for default.  The board adopted the panel's report and recommendation, but we remanded in response to respondent's request for further proceedings.  66 Ohio St.3d 1407, 606 N.E.2d 960.